Daniel R. Watkins
Nevada State Bar No. 11881
DW@wl-llp.com
Brian S. Letofsky
Nevada State Bar No. 11836
Brian.Letofsky@wl-llp.com
WATKINS & LETOFSKY, LLP
400 S. Fourth Street, Suite 280
Las Vegas, NV 89101
Office: (702) 385-5191; Fax: (702) 385-7282

Attorneys for Plaintiff, ANDREW MOSER

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW MOSER,<br><br>    PLAINTIFF;<br><br>  vs.<br><br>ELDORADO RESORTS CORPORATION,<br>a Florida corporation; MICHAEL MARRS;<br>BRUCE POLANSKY; KRISTEN BECK;<br>DOMINIC TALEGHANI; JAMES<br>GRIMES; AND DOES 1-50, inclusive;<br><br>    DEFENDANTS. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, ANDREW MOSER (herein "PLAINTIFF") and files this civil action against Defendants, and each of them, for violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*); Title VII of the Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*); the Family Medical Leave Act (29 U.S.C. §2601 *et seq.*);  the Americans with Disabilities Act of 1990 (42 U.S.C. §§12112 *et seq.*) as well as numerous wage and hour violations under the Fair Labor Standards Act of 1938 (29 U.S.C. §§ 201 *et seq.*) and Nevada Revised Statutes §§ 608.011 *et seq.*; and related claims under Nevada law, seeking damages, and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §2000e-5(f)(3), which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.  Jurisdiction is also appropriate under 42 U.S.C. §§ 1981 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Nevada law.

2.     This Court also has jurisdiction and venue over this matter pursuant 28 U.S.C. §§ 1332(1) which confers original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

3.     All conditions precedent to jurisdiction under section 706 of Title VII, 42 U.S.C. §2000e-5(f)(3), have occurred or been complied with:

   a.     A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of PLAINTIFF instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practice alleged herein;

   b.     A Notice of Right to Sue in Federal Court was received from the EEOC, dated March 9, 2015. (A true and correct copy of said letter is attached and incorporated herein as Exhibit 1.)

4.     This complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

5.     Venue is proper in this District because the acts complained of occurred in this District pursuant to 28 U.S.C. § 1391(b).

//
//

## PARTIES

### PLAINTIFF

6.     PLAINTIFF is a qualified/eligible "employee" of Defendant, ELDORADO RESORTS CORPORATION ("ELDORADO"), within the meaning of 42 U.S.C. §2000e(f); 29 CFR 825.110; Title VII of the Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*); Family Medical Leave Act (29 U.S.C. §2601 *et seq.*); the Americans with Disabilities Act of 1990 (42 U.S.C. §§12112 *et seq.*); the Fair Labor Standards Act of 1938 (29 U.S.C. §§ 201 *et seq.*); Nevada Revised Statutes §§ 608.010 and 613.010 *et seq.*; and related claims under Nevada law.

### DEFENDANTS

7.     Defendant, ELDORADO RESORTS CORPORATION ("ELDORADO"), is a Florida corporation qualified to do business in Nevada as ELDORADO RESORTS CORPORATION and employs 50 or more employees and is an "employer" within the meaning of 42 U.S.C. §2000e(b); 29 CFR 825.104; Title VII of the Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*); the Americans with Disabilities Act of 1990 (42 U.S.C. §§12112 *et seq.*); the Fair Labor Standards Act of 1938 (29 U.S.C. §§ 201 *et seq.*);  Nevada Revised Statutes §§ 608.011 and 613.310; and related claims under Nevada law.  ELDORADO has offices located at 2150 West Jo Rae Avenue, Las Vegas, Nevada 89183.

8.     MICHAEL MARRS, an individual, is the Senior Project Manager at ELDORADO.  At all times mentioned herein, he was responsible for the acts described while acting in his capacity as a supervisor of PLAINTIFF and executive employee at ELDORADO.

9.     BRUCE POLANSKY, an individual, is the Senior Vice President of Sales at ELDORADO.  At all times mentioned herein, he was responsible for the acts described while acting in his capacity as a supervisor of PLAINTIFF and executive employee at ELDORADO.

10.     KRISTEN BECK, an individual, is the Director of Human Resources at ELDORADO.  At all times mentioned herein, she was responsible for the acts described while acting in her capacity as Director of Human Resources and executive employee at ELDORADO.

11.     DOMINIC TALEGHANI, an individual, was the Senior Project Director at ELDORADO.  At all times mentioned herein, he was responsible for the acts described while acting in his capacity as a supervisor of PLAINTIFF and executive employee at ELDORADO.

12.     JAMES GRIMES, an individual, is the Director of Operations at ELDORADO. At all times mentioned herein, he was responsible for the acts described while acting in his capacity as a supervisor of PLAINTIFF and executive employee at ELDORADO.

13.     PLAINTIFF is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive.  PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner.  PLAINTIFF will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

## STATEMENT OF FACTS

14.     PLAINTIFF is a 42 year-old Caucasian male.  He was born in 1973.  He is Christian.  He began his employment with ELDORADO in or about October 2008.  During the majority of his employment PLAINTIFF'S pay has included a salary of $455 per week (which he does not receive because it is taken out of his commission) and a commission percentage for sales of 4% with a team override of 0.75%. PLAINTIFF has worked as a Sales Director during the majority of his employment with ELDORADO.

15.     In December 2014, PLAINTIFF experienced dizziness, nausea and tingling down his left arm.  He was hospitalized and subsequently diagnosed with a cyst in his brain. PLAINTIFF submitted paperwork to ELDORADO to qualify for leave under the under the Family Medical Leave Act (FMLA) in or about March 2015.

16.     PLAINTIFF'S medical condition causes him to experience periods of dizziness, lightheadedness, chest pain, and nausea.  He is unable to work when he experiences an episode.

17.     ELDORADO has engaged in an intentional system to interfere with PLAINTIFF'S protected leave under the FMLA.  On April 2, 2015, less than a month after he

applied for FMLA status, PLAINTIFF was suspended without pay for a week. The suspension was later shortened to two days. PLAINTIFF was not initially given any explanation as to why he was being suspended. Later, on or about April 15, 2015, MIKE MARRS held a meeting and asked all employees to sign a form stating that they are aware they are not allowed to leave the property without informing MIKE MARRS or other members of upper management. However, the policy at ELDORADO has always been that employees were allowed to leave the property after informing their direct supervisor. In the past, PLAINTIFF has always informed his Project Director when he leaves the property for lunch, or when he goes home for the day. Accordingly, the new ELDORADO policy is a fabrication which was created to justify PLAINTIFF'S suspension.

18.     On or about April 15, 2015, PLAINTIFF asked KRISTEN BECK why his FMLA paperwork had not been processed. KRISTEN BECK looked at the paperwork and said they had the wrong address listed for PLAINTIFF. However, when KRISTEN BECK printed the paperwork and gave it to PLAINTIFF, the paperwork reflected his correct address. The deadline to provide documentation for PLAINTIFF'S medical condition was the following day. When PLAINTIFF asked how he was supposed to provide documentation with only one day's notice, he was told to contact BASIC, the company that administers ELDORADO'S FMLA paperwork, to request an extension.

19.     In addition, PLAINTIFF believes that ELDORADO is trying to force him out of his job before his ESOP retirement plan vests. If PLAINTIFF is unable to get the required 1,000 hours, he will not be able to collect his full retirement benefits.

20.     Since approximately July 2014, MIKE MARRS has taken PLAINTIFF off sales tables early, after only three or four table sessions are complete. He then sends PLAINTIFF home, after PLAINTIFF has only worked approximately a half day. As a result, PLAINTIFF'S opportunity to make money and accrue hours is greatly diminished. This practice is designed to prevent PLAINTIFF from accruing the hours he needs to fully vest with the ESOP retirement program.

21.   In addition, PLAINTIFF has been instructed, as a director and manager of employees, to target FMLA employees for "write ups" for poor performance. He was told by senior management that he was required to get three (3) write ups as soon as possible on FMLA employees so ELDORADO would have "cause" to fire the employee despite their protected FMLA leave.   Senior ELDORADO management officials also expressly instructed mid managers and Human Resources to place FMLA employees on Administrative Leave for a significant enough period of time to reduce the employees hours so much that the employees would not qualify for FMLA leave the following year so that the employees could be fired. PLAINTIFF told ELDORADO management that he refused to conduct such practices. As a result, PLAINTIFF'S positions, commissions and teams were changed in a way that negatively impacted his income.

22.   PLAINTIFF has repeatedly been retaliated against for reporting the hostile work environment at the Las Vegas ELDORADO property. He experiences extensive stress and verbal abuse in his work environment and was continuously threatened and harassed by his supervisors, including but not limited to MICHAEL MARRS. Although PLAINTIFF has repeatedly reported this abuse, nothing has changed.

23.   On continuous occasions during his employment at ELDORADO, PLAINTIFF has witnessed religious discrimination by his supervisors. Instead of PLAINTIFF getting the opportunity to make a particular sale, ELDORADO would send specific employees of a particular religion, e.g., members of the Church of Latter Day Saints ("LDS"), Jewish, Muslim, Hindu, etc., to tables with customers with similar religious members in order to attempt to close deals. This religious discrimination has had an impact on PLAINTIFF'S income because he is purposefully not allowed to be involved with potential sales to customers within a particular religion.

24.   On continuous occasions during his employment at ELDORADO, PLAINTIFF'S supervisors practiced racial profiling and race discrimination. Instead of PLAINTIFF getting the opportunity to make a sale, ELDORADO continuously matched tour groups of people within a certain race to representatives in that race, e.g., Asian tours, Spanish tours. They called this

practice "Matched Tours".   This racial discrimination has had an impact on PLAINTIFF'S income because he is purposefully not allowed to be involved with potential sales to families of the Matched Tours.   Certain sales representatives with a particular race are ordered by ELDORADO management to sit in the lobby and told to pick and choose their customers based upon their similar race.

25.     All of these illegal and despicable tactics of ELDORADO cause PLAINTIFF to suffer physical pain, significant emotional distress, embarrassment, humiliation, etc.  In addition, he has suffered extensive and significant loss of income.

26.     On top of the intentional interference and discrimination issues, ELDORADO failed to provide PLAINTIFF with any breaks for lunch or rest during his employment. ELDORADO has failed to pay PLAINTIFF overtime due to him despite the fact that he consistently works over 40 hours per week.   PLAINTIFF believes that ELDORADO has infrequently paid his overtime based upon hours worked in a month period, which is not consistent with the law.

27.     ELDORADO intentionally stole (and continues to steal) money from PLAINTIFF by indiscriminately charging commission reversals against his earnings, commission reversals for sales made months and years before the reversal charge.  ELDORADO does not provide any explanation as to why the commission reversals were charged.  ELDORADO also "backdoored" numerous sales made by PLAINTIFF when they contacted customers and offered a new, better deal for the customer.  When the customer accepted, ELDORADO cancelled PLAINTIFF'S sale and sold the property directly to the customer.   ELDORADO then cut PLAINTIFF'S commissions on his sales.

28.     At all times relevant to this claim, ELDORADO systematically discriminated against its employees, including PLAINTIFF, by treating them differently than other employees based on their race, religion and or ethnic origin.  The disparate treatment included ELDORADO steering employees of one race, religion and/or national origin to customers of similar race, religion and/or national origin for the purpose of selling time shares.  This steering of employees

directly and negatively impacted the benefits afforded to PLAINTIFF, particularly with respect to commissions.

29.     The actions by DEFENDANTS are a substantial burden to PLAINTIFF'S rights causing actual injury to him, financial loss, and severe detriment to his professional career.

30.     PLAINTIFF was (and continues to be) wrongfully subjected to race and religious discrimination and his wage and hour rights are consistently violated.

## COUNT I

### DISABILITY DISCRIMINATION
**Americans with Disabilities Act (42 U.S.C. §§12112 – 12117)**
**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)**
**NV Rev. Stat. § 613.330 *et seq.***

### (ELDORADO RESORTS CORPORATION AND DOES 1-50, inclusive.)

31.     PLAINTIFF hereby incorporates paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32.     PLAINTIFF has a disability within the meaning of the Americans with Disabilities Act ("ADA"). A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual. The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological, musculoskeletal, and others; or (2) any mental or psychological disorder such as emotional or mental illnesses, among others.

33.     PLAINTIFF is a qualified individual, meaning an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. PLAINTIFF satisfies the requisite skill, experience, education, and other job-related requirements of the employment position.

34.     ELDORADO failed to initiate and/or engage in the interactive process with PLAINTIFF to determine what reasonable accommodations would apply to enable PLAINTIFF to work.

35.     PLAINTIFF requested of ELDORADO an accommodation due to his disability and ELDORADO knew, or had reason to know that (a) PLAINTIFF has a disability; and (b) PLAINTIFF was experiencing workplace problems because of the disability. ELDORADO could have made a reasonable accommodation that would have enabled the PLAINTIFF to perform the essential functions of the job by allowing him to leave work when he experienced symptoms caused by his brain cyst. PLAINTIFF'S disabilities as described above prevent him from completing many of the job requirements placed on him including but not limited to working long days under stressful, harassing conditions.

36.     The requested accommodation did not impose an undue hardship on the operation of the ELDORADO'S business.

37.     PLAINTIFF claims that his disability was a motivating factor for ELDORADO'S decision to suspend PLAINTIFF, to cut his hours, and to treat PLAINTIFF differently than other employees without disabilities related to employment, including recruitment, hiring, assignments, discipline, promotion, and benefits.

38.     ELDORADO engaged in a practice of discriminating against PLAINTIFF as a result of PLAINTIFF'S disability. ELDORADO'S unlawful discrimination against PLAINTIFF includes treating employees differently based on their disability related to employment, including recruitment, hiring, assignments, discipline, promotion, and benefits.

39.     ELDORADO, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of ELDORADO as described above thereby ratifying the unlawful conduct of its agents or supervisors.

40.     ELDORADO'S unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

41.     PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT II

### RACIAL/NATIONAL ORIGIN DISCRIMINATION
### Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)

**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)**
**NV Rev. Stat. § 613.330 *et seq.***

**(ELDORADO RESORTS CORPORATION AND DOES 1-50, inclusive.)**

42.     PLAINTIFF hereby incorporates paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.     During the course of PLAINTIFF'S employment with ELDORADO, ELDORADO, by and through its agents and employees, has discriminated against PLAINTIFF in the terms, conditions, and privileges of employment in various ways, in substantial part because of his race and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

44.     ELDORADO'S unlawful discrimination against PLAINTIFF includes treating PLAINTIFF differently based on his race and national origin related to employment, including recruitment, hiring, assignments, discipline, promotion, and benefits.

45.     Specifically, the disparate treatment includes ELDORADO steering and / or matching employees of one race and/or national origin to customers of similar race and/or national origin all to the discriminatory detriment of all employees of another race and/or national origin.

46.     PLAINTIFF claims that his race and/or national origin is either the sole reason or a motivating factor for the ELDORADO'S decision to harass him, cut his hours, and suspend him.

47.     As a proximate result of ELDORADO'S discriminatory actions, PLAINTIFF has suffered (and continues to suffer) losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.  As a result of those actions and consequent harms, PLAINTIFF has suffered such damages in an amount to be proved at trial.

48.     ELDORADO, through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of ELDORADO as described above thereby ratifying the unlawful conduct of its agents or supervisors.

49.   ELDORADO'S unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

50.   PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT III

### RELIGIOUS DISCRIMINATION
**Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)**
**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)**
**NV Rev. Stat. § 613.330 *et seq.***

### (ELDORADO RESORTS CORPORATION AND DOES 1-50, inclusive.)

51.   PLAINTIFF hereby incorporates paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52.   ELDORADO'S conduct as herein alleged violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e)-2(a)(1), which makes unlawful discrimination against employees on the basis of religion.  The term "religion" includes "all aspects of religious observance and practice, as well as belief." (42 U.S.C. 2000e(j).)

53.   ELDORADO'S unlawful discrimination against PLAINTIFF includes treating employees differently based on their religious beliefs or practices – or lack thereof – related to employment, including recruitment, hiring, assignments, discipline, promotion, and benefits.

54.   Specifically, the disparate treatment includes ELDORADO steering and/or matching employees of one religious belief to customers of similar religious belief all to the discriminatory detriment of all employees of another religious belief. Specifically, PLAINTIFF is prevented from selling to individuals of religious affiliations different from PLAINTIFF, who is Christian. Continuously, PLAINTIFF is sent to close the deals of Christian customers.

55.   ELDORADO intentionally, voluntarily, deliberately, and willfully steers or matches customers of one religious belief to employees of a similar religious belief to the detriment of other employees.

56.   PLAINTIFF claims that his Christian religious beliefs or practices are either the sole reason or a motivating factor for the ELDORADO'S decision to not match or steer him to

1  customers of other religious affiliations such as but not limited to Mormons, Hindus, Muslims,

2  and Jews.

3    57.    As a proximate result of ELDORADO'S discriminatory actions, PLAINTIFF has

4  suffered (and continues to suffer) losses in compensation, earning capacity, humiliation, mental

5  anguish, and emotional distress.  As a result of those actions and consequent harms, PLAINTIFF

6  has suffered such damages in an amount to be proved at trial.

7    58.    ELDORADO through its agents or supervisors failed to adequately supervise,

8  control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of

9  ELDORADO as described above thereby ratifying the unlawful conduct of its agents or

10  supervisors.

11    59.    ELDORADO'S unlawful actions were intentional, willful, malicious and/or done

12  with reckless disregard for PLAINTIFF'S federally protected rights.

13    60.    PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT IV

### INTERFERENCE AND DISCRIMINATION WITH FAMILY MEDICAL LEAVE
**Family Medical Leave Act (29 U.S.C. §2601 *et seq.*)**

**(ELDORADO RESORTS CORPORATION, MICHAEL MARRS, BRUCE POLANSKY, KRISTEN BECK, DOMINIC TALAGANI, JAMES GRIMES AND DOES 1-50, inclusive.)**

61.    PLAINTIFF hereby incorporates paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62.    During the course of PLAINTIFF'S employment with ELDORADO, ELDORADO, by and through its agents and employees, interfered with and discriminated against the PLAINTIFF in the terms, conditions, and privileges of employment in various ways including violations of Family Medical Leave Act (29 U.S.C. §2601 *et seq.*).

63.    PLAINTIFF has a "serious health condition," defined in the statute as an illness, injury, impairment or physical or mental condition that involves either 1) inpatient care in a hospital or other care facility, or 2) continuing treatment by a health care provider.

64.   PLAINTIFF gave appropriate notice of his need to be absent from work. "Appropriate notice" was given where, if PLAINTIFF could foresee the need for leave, he notified ELDORADO at least 30 days before the leave was to begin, and/or if PLAINTIFF could not foresee the need for leave, PLAINTIFF notified ELDORADO as soon as practicable after he learned of the need for leave.

65.   PLAINTIFF was required to timely notify ELDORADO of the need for leave, but PLAINTIFF was not required to specify that the leave was sought under the Family and Medical Leave Act, nor was PLAINTIFF required to mention that Act in the notice.   Nor was PLAINTIFF required to provide the exact dates or duration of the leave requested.   Moreover, PLAINTIFF was not required to give ELDORADO a formal written request for anticipated leave.   Simple verbal notice was provided and sufficient when a written request was not available.

66.   PLAINTIFF has completed the intake process for his FMLA benefits, however he is consistently denied the administration of his FMLA benefits in a timely manner.   On or about April 15, 2015, PLAINTIFF asked KRISTEN BECK why his FMLA paperwork had not been processed.   KRISTEN BECK looked at the paperwork and said they had the wrong address listed for PLAINTIFF. However, when KRISTEN BECK printed the paperwork and gave it to PLAINTIFF, the paperwork reflected his correct address.   The deadline to provide documentation for PLAINTIFF'S medical condition was the following day.   When PLAINTIFF asked how he was supposed to provide documentation with only one day's notice, he was told to contact BASIC, the company that administers ELDORADO'S FMLA paperwork, to request an extension.

67.   DEFENDANTS' unlawful discrimination against PLAINTIFF consists of treating PLAINTIFF differently based on his application for and use of leave authorized by the Family Medical Leave Act related to employment, including recruitment, hiring, assignments, discipline, promotion, and benefits.   DEFENDANTS discriminated against PLAINTIFF for PLAINTIFF'S exercise of his right to take unpaid leave from work as authorized by the Family Medical Leave Act (29 U.S.C. §2601 *et seq.*).

68.   DEFENDANTS interfered with PLAINTIFF'S right to take unpaid leave from work in violation of the Family Medical Leave Act (29 U.S.C. §2601 *et seq.*).

69.   PLAINTIFF claims that exercise of his right to take leave from work as authorized by the Family Medical Leave Act was either the sole reason or a motivating factor for the ELDORADO'S decision to: interfere with and harass PLAINTIFF because of his need to take leave for qualified medical reasons; to violate Nevada Revised Statutes, sections 608.016, 608.018, 608.019, 608.020, 608.030, 608.100 and 608.190; fail to properly accommodate him due to his medical condition; and to suspend PLAINTIFF, among other adverse employment actions.

70.   As a proximate result of DEFENDANTS' discriminatory actions, PLAINTIFF has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, PLAINTIFF has suffered such damages in an amount to be proved at trial.

71.   ELDORADO through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of ELDORADO as described above thereby ratifying the unlawful conduct of its agents or supervisors.

72.   DEFENDANTS' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

73.   PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT V
## BREACH OF CONTRACT

### (ELDORADO RESORTS CORPORATION AND DOES 1-50, inclusive.)

74.   PLAINTIFF hereby incorporates paragraphs 1 through 73 of this Complaint as though fully set forth herein.

75.   In or about October 2008, PLAINTIFF and ELDORADO and DOES 1 through 50, inclusive, entered into a contract for employment (hereinafter, "the Contract"). The contract has taken different forms over the years and PLAINTIFF believes he has had several different

written contracts.  PLAINTIFF requested ELDORADO forward a copy of his personnel file and ELDORADO and DOES 1 through 50 have refused and/or failed to provide PLAINTIFF any copies of the various versions of written contracts over the years.  As such, PLAINTIFF cannot attach a copy of the operative written contract(s).  However, the essential terms of the agreement included PLAINTIFF working to sell timeshares in exchange for a base wage and commissions.  Also, as part of the contract was that ELDORADO agreed to pay wages and provide benefits in accordance with state and federal laws.  These benefits include but are not limited to providing meal and rest breaks, timely payment of wages, proper management and distribution of wages, and payment of wages for each hour worked.

76.     Throughout PLAINTIFF'S employment ELDORADO has breached the employment contract by intentionally stealing money (wages) from PLAINTIFF by indiscriminately charging commission reversals against his earnings, commission reversals for sales made months and years before the reversal charge.  ELDORADO also "back-doored" numerous sales made by PLAINTIFF when they contacted customers and offered a new, better deal for the customer.  When the customer accepted, ELDORADO cancelled PLAINTIFF'S sale and sold the property directly to the customer.  ELDORADO then cut PLAINTIFF'S commission on his sale.  ELDORADO also breached the contract by failing to pay PLAINTIFF overtime; failing to pay PLAINTIFF for each hour that he worked; depriving PLAINTIFF any breaks for lunch or rest; unlawfully taking PLAINTIFF'S wages as described herein; and refusing to pay wages due to him.

77.     ELDORADO further breached the employment contract(s) by harassing, and suspending PLAINTIFF because of PLAINTIFF'S refusal to participate in ELDORADO'S unlawful, discriminatory practice of issuing write-ups to FMLA employees for the sole purpose of putting them on administrative leave.

78.     ELDORADO further breached the employment contract(s) by cutting PLAINTIFF'S hours and eventually suspending him in order to force him out of his job before his ESOP retirement program vests.  By depriving him of hours, ELDORADO is effectively denying PLAINTIFF his full retirement benefits.

79.    PLAINTIFF anticipates alleging additional breaches of the written employment agreement(s) occurred but cannot specify those breaches until he has had an opportunity to review the written contracts maintained by ELDORADO.

80.    PLAINTIFF performed all obligations under the employment contract with ELDORADO except those Plaintiffs were prevented or excused from performing.

81.    ELDORADO'S breaches of the employment contract were the legal cause of PLAINTIFF suffering damages.

82.    PLAINTIFF damages include lost / stolen wages, lost benefits, attorneys' fees, a substantial increase in debt to cover expenses from lost / stolen wages and other consequential damages.

83.    PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT VI

### RETALIATION
**Family Medical Leave Act (29 U.S.C. §2601 *et seq.*)**
**Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)**
**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)**
**NV Rev. Stat. §613.330 *et seq.***

### (ELDORADO RESORTS CORPORATION AND DOES 1-50, inclusive.)

84.    PLAINTIFF hereby incorporates paragraphs 1 through 83 of this Complaint as though fully set forth herein.

85.    PLAINTIFF engaged in an activity protected under federal laws, including reporting of DEFENDANTS' intentional, voluntary, deliberate, and willful discrimination against PLAINTIFF and his fellow employees by depriving of or interfering with PLAINTIFF'S rights and benefits and ELDORADO subjected PLAINTIFF to adverse employment acts, including but not limited to a reduction in pay and suspension.

86.    In addition, PLAINTIFF refused to participate in DEFENDANTS' systematic discrimination against his fellow employees based on their FMLA status. PLAINTIFF refused to issue write-ups or otherwise comply with DEFENDANTS' systematic, unlawful discrimination

against FMLA employees.   As a result, ELDORADO subjected PLAINTIFF to adverse employment acts, including but not limited to a reduction in pay, and suspension.

87.   DEFENDANTS further retaliated against PLAINTIFF by refusing to process his FMLA paperwork, thereby denying him of his rights under the FMLA.

88.   PLAINTIFF was subjected to the adverse employment actions described herein because of his reporting of DEFENDANTS' intentional, voluntary, deliberate, and willful discrimination against PLAINTIFF and others by depriving of or interfering with PLAINTIFF'S rights and benefits and others' rights and benefits under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.); and/or Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 et seq.); and/or the Family Medical Leave Act (29 U.S.C. §2601 et seq).

89.   PLAINTIFF was subjected to the adverse employment action described herein because of his participation in the protected activity and adverse employment action would not have occurred but for that participation.

90.   As a direct and proximate result of the ELDORADO'S willful, knowing, and intentional discrimination and retaliation against PLAINTIFF, PLAINTIFF has suffered and will continue to suffer pain, humiliation and emotional distress.

91.   PLAINTIFF has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. PLAINTIFF is thereby entitled to general and compensatory damages in amounts to be proven at trial.

92.   ELDORADO'S unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

93.   PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT VII

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

## (ELDORADO RESORTS CORPORATION AND DOES 1-50, inclusive.)

94.   PLAINTIFF hereby incorporates paragraphs 1 through 93 of this Complaint as though fully set forth herein.

95.    A contract existed between PLAINTIFF and ELDORADO.

96.    In the state of Nevada, every contract imposes upon each party a duty of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other. See *Great American Ins. Co. v. General Builders, Inc.*, 113 Nev. 346, 934 P.2d 257 (1997); *Falline v. GNLV Corp.*, 107 Nev. 1004, 823 P.2d 888 (1991); *Albert H. Wohlers & Co. v. Bartgis*, 114 Nev. 1249, 969 P.2d 949 (1998).

97.    ELDORADO acted in a manner described herein that was unfaithful to the purpose of the contract or deliberately contravened the intention and spirit of the contract by its intentional, willful and malicious violation of the employment contract, and violations of federal and state laws protecting employees in all employment relationships.  The intentional, willful and malicious violations include, but are not limited to, ELDORADO intentionally stealing money (wages) from PLAINTIFF by indiscriminately charging commission reversals against his earnings, commission reversals for sales made months and years before the reversal charge. ELDORADO also "back-doored" numerous sales made by PLAINTIFF when they contacted customers and offered a new, better deal for the customer.  When the customer accepted, ELDORADO cancelled PLAINTIFF'S sale and sold the property directly to the customer. ELDORADO then cut PLAINTIFF'S commission on his sale.

98.    For years during PLAINTIFF'S employment, ELDORADO violated several state and federal statutes specifically designed to protect employees against the wrongful conduct of employers.  These violations include but are not limited to ELDORADO failing to pay PLAINTIFF overtime (Fair Labor Standards Act of 1938 (29 U.S.C. §§ 201 *et seq.* and NV Rev. Stat. §608.018); ELDORADO failing to pay PLAINTIFF for each hour that he worked (NV Rev. Stat. §608.016); ELDORADO depriving PLAINTIFF, and most of its employees, any breaks for lunch or rest (NV Rev. Stat. §608.019); ELDORADO unlawfully taking PLAINTIFF'S wages as described herein (NV Rev. Stat. §608.100); and ELDORADO refusing to pay wages due (NV Rev. Stat. §608.190).

99.    In addition, ELDORADO intentionally cut PLAINTIFF'S hours and suspended PLAINTIFF in order to force him out of his job before his ESOP retirement plan is fully vested.

100.    For years during PLAINTIFF'S employment, ELDORADO also violated several state and federal statutes including not limited to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*); and Title VII of the Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*).

101.    In addition, ELDORADO punished PLAINTIFF for his refusal to participate in ELDORADO'S unlawful, systematic discrimination against FMLA employees. He was directed to issue write-ups to FMLA employees so that ELDORADO could place them on administrative leave, which would cause them to lose their FMLA status. As a result of PLAINTIFF'S refusal to participate in this unlawful conduct, he was harassed, demoted, and eventually suspended.

102.    In depriving PLAINTIFF of his rights under federal and state law, ELDORADO acted out of pretension, misrepresentation and fraud as PLAINTIFF'S employer. ELDORADO'S actions violated the special relationship of trust between employers and employees and the arbitrary, abusive, intentional, malicious harassment cries out for relief and for a remedy beyond that traditionally flowing from breach of contract, statutory or other administrative remedies.

103.    ELDORADO'S conduct was a substantial factor in causing damage to PLAINTIFF.

104.    As a direct and proximate result of the ELDORADO'S intolerable actions and violations of strong and compelling public policy, PLAINTIFF has suffered harm including but not limited to lost wages and a devastatingly negative financial impact on his well-being.

105.    There is no adequate contractual, statutory or administrative remedy for ELDORADO'S violation of strong and compelling public policy.

106.    PLAINTIFF seeks to recover damages based upon a claim of breach of the implied covenant of good faith and fair dealing arising out of the contracts with ELDORADO.

## COUNT VIII

### WAGE AND HOUR VIOLATION - OVERTIME
**Fair Labor Standards Act of 1938 (29 U.S.C. §§ 201 *et seq.*)**
**NV Rev. Stat. §608.018**

**(ELDORADO RESORTS CORPORATION AND DOES 1-50, inclusive.)**

107.    PLAINTIFF hereby incorporates paragraphs 1 through 106 of this Complaint as though fully set forth herein.

108.    At all relevant times, ELDORADO was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the 29 U.S.C. § 203.   At all relevant times, ELDORADO employed "employee[s]," including PLAINTIFF.   At all relevant times, ELDORADO had gross operating revenues in excess of $500,000.

109.    ELDORADO, pursuant to their uniform, systematic and non-individualized policies and practices, failed and refused to pay overtime.

110.    By failing to compensate PLAINTIFF at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, ELDORADO violated 29 U.S.C. §§ 201 *et seq*., including 29 U.S.C. § 207(a)(1) and § 215(a).

111.    ELDORADO'S conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act ("FLSA") within the meaning of 29 U.S.C. § 255(a).

112.    PLAINTIFF seeks recovery of his attorneys' fees and costs of action to be paid by ELDORADO, as provided by the FLSA, 29 U.S.C. § 216(b).

113.    PLAINTIFF seeks damage in the amount his unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as this Court deems just and proper.

## COUNT IX

## WAGE AND HOUR VIOLATION – FAILURE TO PAY EACH HOUR WORKED
### NV Rev. Stat. §608.016

### (ELDORADO RESORTS CORPORATION AND DOES 1-50, inclusive.)

114.    PLAINTIFF hereby incorporates paragraphs 1 through 113 of this Complaint as though fully set forth herein.

115.    An employer shall pay to the employee wages for each hour the employee works.

116.   ELDORADO failed to pay PLAINTIFF for each hour of his work in violation of NV Rev. Stat. §608.016.

117.   PLAINTIFF seeks damages in the amount of his unpaid wages for the work he performed for ELDORADO.

118.   PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT X

### WAGE AND HOUR VIOLATION – PERIODS FOR MEAL AND REST
### NV Rev. Stat. §608.019

### (ELDORADO RESORTS CORPORATION AND DOES 1-50, inclusive.)

119.   PLAINTIFF hereby incorporates paragraphs 1 through 118 of this Complaint as though fully set forth herein.

120.   ELDORADO employed PLAINTIFF for a continuous period of 8 hours without permitting PLAINTIFF to have a meal period of a least one-half hour.

121.   ELDORADO prohibited PLAINTIFF from taking rest periods, which insofar as practicable, shall be permitted in the middle of each work period.

122.   ELDORADO failed to provide meal and rest periods in violation of NV Rev. Stat. §608.019.

123.   PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT XI

### WAGE AND HOUR VIOLATION – UNLAWFUL TAKING OF WAGES
### NV Rev. Stat. §608.100

### (ELDORADO RESORTS CORPORATION AND DOES 1-50, inclusive.)

124.   PLAINTIFF hereby incorporates paragraphs 1 through 123 of this Complaint as though fully set forth herein.

125.   ELDORADO unlawfully (a) paid a lower wage, salary or compensation to PLAINTIFF than the amount agreed upon through a collective bargaining agreement, if any; (b) paid a lower wage, salary or compensation to PLAINTIFF than the amount that ELDORADO is

required to pay to PLAINTIFF by virtue of any statute or regulation or by contract between the employer and the employee; or (c) paid a lower wage, salary or compensation to PLAINTIFF than the amount earned by the employee when the work was performed.

126.   ELDORADO unlawfully required PLAINTIFF to rebate, refund or return any part of the wage, salary or compensation earned by and paid to PLAINTIFF.

127.   Specifically, ELDORADO intentionally stole money from PLAINTIFF by indiscriminately charging commission reversals against his earnings, commission reversals for sales made months and years before the reversal charge. ELDORADO failed to pay PLAINTIFF overtime due to him. ELDORADO also "backdoored" numerous sales made by PLAINTIFF when they contacted customers and offered a new, better deal for the customer. When the customer accepted, ELDORADO cancelled PLAINTIFF'S sale and sold the property directly to the customer. ELDORADO then cut PLAINTIFF'S commission on his sale.

128.   ELDORADO unlawfully implemented a decrease in PLAINTIFF'S wage, salary and/or compensation in that ELDORADO did not (a) Not less than 7 days before the employee performs any work at the decreased wage, salary or compensation, the employer provides the employee with written notice of the decrease; or (b) The employer complies with the requirements relating to the decrease that are imposed on the employer pursuant to the provisions of any collective bargaining agreement or any contract between the employer and the employee.

129.   ELDORADO acted unlawfully in violation of NV Rev. Stat. §608.100.

130.   PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT XII

## WAGE AND HOUR VIOLATION – WILLFUL FAILURE / REFUSAL TO PAY WAGES
### NV Rev. Stat. §608.190

### (ELDORADO RESORTS CORPORATION AND DOES 1-50, inclusive.)

131.   PLAINTIFF hereby incorporates paragraphs 1 through 130 of this Complaint as though fully set forth herein.

132.    ELDORADO willfully refused and/or neglected to pay the wages due and payable to PLAINTIFF when demanded by PLAINTIFF, and/or falsely denied the amount or validity thereof and/or that the amount is due with intent to annoy, harass, oppress, hinder, delay or defraud the PLAINTIFF to whom such indebtedness is due.

133.    ELDORADO'S acted unlawfully in violation of NV Rev. Stat. §608.190.

134.    PLAINTIFF requests relief as described in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

A.  Grant PLAINTIFF the recovery of lost income that is equal to the amount of the stipend and subsequent employment obligation he had prior to the alleged violations plus interest.

B.  Grant general and special damages in amounts according to proof pursuant to U.S.C. §2617, 42 U.S.C. §1983, and other applicable statutes.

C.  Punitive damages to punish and deter Defendants' conduct.

D.  Reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(3), and other applicable statutes.

E.  Grant costs of suit incurred herein; and,

F.  Grant such other and further relief as the court deems just and proper.

DATED:  4/23/15                          WATKINS & LETOFSKY, LLP


                                By:  _____
                                     DANIEL R. WATKINS
                                     BRIAN S. LETOFSKY
                                     Attorneys for PLAINTIFF,
                                     ANDREW MOSER

### REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b) and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. PLAINTIFF demands a trial by jury in this action on all issues so triable.

DATED:   *4/23/15*

WATKINS & LETOFSKY, LLP

By:   *Brian S Letofsky*

DANIEL R. WATKINS
BRIAN S. LETOFSKY
Attorneys for PLAINTIFF,
ANDREW MOSER

# EXHIBIT 1

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:   Andrew Moser<br>10706 Tapestry Winds Street<br>Las Vegas, NV 89141 | From:   Los Angeles District Office<br>255 E. Temple St. 4th Floor<br><br>Los Angeles, CA 90012 |

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2014-00921 | Karrie L. Maeda,<br>State & Local Coordinator | (213) 894-1099 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*                                                                                                   March 9, 2015

Enclosures(s)                           **Rosa M. Viramontes,**                                      *(Date Mailed)*
                                        **District Director**

ELDORADO RESORTS CORP.                                  Brian S. Letofsky, Esq.
2150 W Jo Rae Ave                                       WATKINS & LETOFSKY, LLP.
Las Vegas, NV 89183                                     4040 MacArthur Blvd. Suite 240,
                                                        Newport Beach, CA 92660

BEI.162